IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN WAYNE CHARLESTON | § | |
| v. | § | CIVIL ACTION NO. 2:05cv430 |
| TINA RICHARDSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff John Wayne Charleston, proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Charleston styled his lawsuit as "federal criminal complaint pursuant to 18 U.S.C. §242, 242 and 28 U.S.C. §535." He says, in brief, that the Cass County District Attorney's Office falsified an indictment which had been handed down by a grand jury.

On September 21, 2005, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that individuals cannot file criminal charges, because this is the province of the prosecutor. To the extent that Charleston's lawsuit could be construed as seeking relief under the Civil Rights Act, 42 U.S.C. §1983, the Magistrate Judge concluded that the case lacked merit because a judgment in his favor would necessarily imply the invalidity of the conviction, and so to proceed on a civil rights claim, Charleston would have to show that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a competent state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See* Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996); Heck v. Humphrey, 114 S.Ct.

2364, 2372 (1994). Because Charleston had not made such a showing, the Magistrate Judge said, his lawsuit, to the extent that it raises claims under Section 1983, could be dismissed until these conditions are met.

A copy of the Magistrate Judge's Report was sent to Charleston at his last known address, return receipt requested, but no objections have been filed; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court.  Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge.  Upon such review, the Court has determined that the Report of the Magistrate Judge is correct.  It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Plaintiff's claims which implicate the validity of his conviction be and hereby are DISMISSED without prejudice until such time as Charleston can demonstrate that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. Clarke v. Stalder, 154 F.3d 186, 188 (5th Cir. 1998).  It is further

ORDERED that to the extent that Charleston seeks the institution of criminal charges, such request is DISMISSED as frivolous. The dismissal of this lawsuit shall not prevent the Plaintiff from challenging his conviction through any lawful means, including but not limited to state or federal applications for the writ of habeas corpus, nor prevent Charleston from contacting prosecutors or law enforcement officers of proper jurisdiction if he believes that criminal activity has taken place.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 21st day of October, 2005.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE